PEOPLE v. HURRLE.

(Supreme Court, Appellate Division, Third Department. November 15, 1911.)

Appeal from Madison County Court.

Joseph Hurrle was convicted of grand larceny in the second degree, and he appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Durham, Senn & Devitt (Joseph D. Senn, of counsel), for appellant.
E. Leland Hunt, Dist. Atty., for the People.

PER CURIAM. Judgment of conviction affirmed. All concur.

HOUGHTON, J. (dissenting). I do not think there was sufficient proof outside the defendant's confession that the crime charged had been committed, to warrant his conviction. The defendant was indicted and convicted of the crime of grand larceny in the second degree, in having stolen from one Hungerbehler $51 in money.

Larceny consists of feloniously depriving the owner of his property. Manifestly, therefore, there must be property, and there must be an owner, and there must be a taking, or, if the possession was originally lawful, there must be an appropriation. There was no proof of any one of these elements of the crime charged, aside from the confession of the defendant. The people were not able to produce the complainant as a witness, and were therefore unable to prove that he owned or possessed $51 on the night of the alleged larceny, or that any sum of money was taken from him by the defendant, or any other person, except in so far as these facts were proved by the confession of the defendant himself.

Section 395 of the Criminal Code makes a confession properly obtained competent evidence, but declares that it is not sufficient to warrant conviction "without additional proof that the crime charged has been committed." In the absence of the complainant, all that the people were able to prove was that early in the morning Hungerbehler came to police headquarters and complained that an offense had been committed against him during the night, while he was stopping at the lodging house of the defendant's mother, and that upon an officer going with the complainant to the lodging house the defendant ran down an alley, and upon the officer overtaking him and charging him with larceny he denied it, and asserted that the complainant was drunk, and that upon being taken to the station house he was searched and nothing found upon him, and that during the night defendant and his alleged accomplice were about the lodging house, and that defendant must have been in the room of the complainant, because he went to a lunch wagon and got a sandwich for him, and for which the complainant subsequently paid, and that the complainant was much intoxicated when he went to bed the evening before.

After his arrest the defendant confessed that he took $51 out of

the defendant's pocket, of which he only retained $10, dropping the remainder on the floor because he was frightened, and that while he was being searched the $10 was concealed in the lining of his. trousers. The fact that the defendant was around during most of the night lost much of its probative force by the proof that it was his custom on rainy nights to gather angleworms for sale to fishermen, and that that was what he was doing on the night in question.

The fact that the mother of the defendant, after an interview in jail with him, handed to one of the officers $10, is of no probative force, because she swore that the money was hers, and there was no proof to the contrary; nor was there any evidence that the defendant had any knowledge of what she did, or that it was the $10 which he confessed he had taken from the complainant and concealed while he was being searched. To my mind this evidence falls far short of proving, outside the confession, that Hungerbehler had $51, or any sum of money, which was feloniously taken from him by the defendant.

It is true that additional proof as to the commission of a crime outside the confession may consist of circumstances alone, and that it is not necessary to prove all the facts necessary to a conviction aside from the confession itself. There must, however, be facts proven outside the confession from which the commission of the crime charged can reasonably be inferred. People v. Brasch, 193 N. Y. 46, 85 N. E. 809, contains the latest exposition of the Court of Appeals as to the necessity and character of the proof outside a confession to warrant conviction. In that case the defendant had been convicted of murder, and his victim had died from drowning. There was no proof that she did not jump or fall into the water; but, outside the defendant's confession, it was proven that the defendant was last in company with his victim, that he had a motive for killing her, and that his conduct was wholly inconsistent with her having accidentally drowned while in his company. Many cases are reviewed in the course of the opinion, but an investigation of all of them shows that facts and circumstances were proven strongly tending to show the commission of a crime outside the proven confessions. The case most barren of surrounding circumstances is that of People v. Jaehne, 103 N. Y. 182, 8 N. E. 374. But in that case there were many circumstances showing that the franchise to construct a surface railroad on Broadway in the city of New York was procured through bribery of the board of aldermen and that the defendant voted therefor from improper motives. The situation presented in People v. Kelly, 3 N. Y. Cr. R. 414, is much like the present. In that case the defendant was indicted for collecting and appropriating to his own use wages which he had assigned to the complainant. There was proof of the assignment, but no proof, aside from the defendant's confession, that he had collected the money and appropriated it to his own use. It was held that there was a fatal defect in the proof, and the conviction was reversed.

I therefore vote for a reversal of the judgment of conviction and the granting of a new trial.